1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    INFINITY,                                CASE NO. 1:13-cv-01331-MJS

12                    Plaintiff,               ORDER DISMISSING COMPLAINT WITH
                                               LEAVE TO AMEND
13          v.
                                               (ECF NO. 1)
14    CHEN HO, et al.,
                                               AMENDED COMPLAINT DUE WITHIN
15                    Defendants.              THIRTY (30) DAYS

16

17                                  **SCREENING ORDER**

18    **I.    PROCEDURAL HISTORY**

19          Plaintiff Infinity, a state prisoner proceeding pro se and in forma pauperis, filed

20    this civil rights action pursuant to 42 U.S.C. § 1983 on August 16, 2013.  (ECF No. 1.)

21    Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 8.)  His complaint

22    (ECF No. 1) is now before the Court for screening.

23    **II.   SCREENING REQUIREMENT**

24          The Court is required to screen complaints brought by prisoners seeking relief

25    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26    § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

27    raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

28
                                            1

1   relief may be granted, or that seek monetary relief from a defendant who is immune from

2   such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

3   thereof, that may have been paid, the court shall dismiss the case at any time if the court

4   determines that . . . the action or appeal . . . fails to state a claim upon which relief may

5   be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6        Section 1983 "provides a cause of action for the 'deprivation of any rights,

7   privileges, or immunities secured by the Constitution and laws' of the United States."

8   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

9   Section 1983 is not itself a source of substantive rights, but merely provides a method for

10  vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94

11  (1989).

12  **III.    SUMMARY OF COMPLAINT**

13       The Complaint identifies the following Defendants: (1) Dr. Chen Ho, M.D.; (2)

14  Warden Brazelton; and (3) the County of Fresno Board of Supervisors.   Plaintiff

15  specifically alleges instances of inadequate medical care related to the treatment of his

16  Valley Fever infection.  More broadly, Plaintiff appears to be challenging his condition of

17  confinement at Pleasant Valley State Prison (PVSP) where Valley Fever is endemic.

18       The Court will not address the merits of Plaintiff's claim as pled.

19       Plaintiff's Complaint is not "a short and plain statement of the claim showing the

20  pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2).  The

21  Complaint is 287 pages.  The first five pages include a partial summary of the underlying

22  facts.  Attached are hundreds of pages of documents in no particular order.  Among the

23  attachments is a twenty-eight page declaration that appears to outline Plaintiff's claim in

24  more detail; however, this section of the Complaint is interspersed with exhibits and

25  attachments.  On August 26, 2013, Plaintiff filed a thirty-one page addendum to his

26  complaint including additional exhibits.  (ECF No. 7.)

27       Plaintiff is incarcerated and is representing himself in this action.  Under such

28  circumstances, the Court is quite tolerant of clerical errors, problems of form and other

2

1  non-substantive errors.  However, in this case, Plaintiff has provided the Court with

2  documents in lieu of a simple statement, in his own words, explaining the basis of his

3  claim.

4      The Court will not wade through exhibits in search of a cognizable claim.  Plaintiff

5  will be given an opportunity to file an amended complaint plainly stating the facts

6  underlying his claim.  The Court will outline some general pleading requirements in the

7  following sections of this order.

8  **IV.   ANALYSIS**

9      **A.   Section 1983**

10     To state a claim under Section 1983, a plaintiff must allege two essential

11  elements: (1) that a right secured by the Constitution or laws of the United States was

12  violated and (2) that the alleged violation was committed by a person acting under the

13  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

14  Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

15     A complaint must contain "a short and plain statement of the claim showing that

16  the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations

17  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

18  supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct.

19  1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

20  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

21  plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility

22  that a defendant committed misconduct and, while factual allegations are accepted as

23  true, legal conclusions are not.  Id. at 1949-50.

24     **B.   Exhibits**

25     Plaintiff attached hundreds of pages of exhibits to the Compliant.  Exhibits, while

26  permissible if incorporated by reference (Fed. R. Civ. P. 10(c)) are not necessary in the

27  federal system of notice pleading, Fed. R. Civ. P. 8(a).  Exhibits should not be submitted

28  with the pleading where (1) they serve only to confuse the record and burden the Court,

3

1  or (2) they are intended as future evidence.  If this action reaches the point at which the

2  submission of evidence is appropriate and necessary (e.g., summary judgment or trial),

3  Plaintiff will have the opportunity to submit evidence.  It is not only unnecessary but

4  counterproductive to submit excessive facts or exhibits at this stage.  The excess

5  distracts the Court's attention from the core elements of the claim which should be

6  capable of being expressed in one to five neatly typed or printed double-spaced pages.

7       **C.    Linkage Requirement**

8       Under § 1983, Plaintiff must demonstrate that each defendant personally

9  participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th

10 Cir. 2002).  This requires the presentation of factual allegations sufficient to state a

11 plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572

12 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting

13 this plausibility standard.  Id.

14      The statute requires that there be an actual connection or link between the

15 actions of the defendants and the deprivation alleged to have been suffered by the

16 plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978).

17 Government officials may not be held liable for the actions of their subordinates under a

18 theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official

19 cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must

20 plead sufficient facts showing that the official has violated the Constitution through his

21 own individual actions.  Id. at 1948.  In other words, to state a claim for relief under §

22 1983, Plaintiff must link each named defendant with some affirmative act or omission

23 that demonstrates a violation of Plaintiff's federal rights.  Defendants may only be held

24 liable in a supervisory capacity if they "participated in or directed the violations, or knew

25 of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045

26 (9th Cir. 1989).

27      **D.    Eighth Amendment**

28           1.    Inadequate Medical Care

4

1     "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

2     inmate must show 'deliberate indifference to serious medical needs.'"   Jett v. Penner,

3     439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106

4     (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a

5     serious medical need' by demonstrating that 'failure to treat a prisoner's condition could

6     result in further significant injury or the unnecessary and wanton infliction of pain,'" and

7     (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at

8     1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on

9     other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)

10    (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or

11    failure to respond to a prisoner's pain or possible medical need, and harm caused by the

12    indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to

13    state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient

14    facts to support a claim that the named defendants "[knew] of and disregard[ed] an

15    excessive risk to [Plaintiff's] health . . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

16              2.      Conditions of Confinement

17        The  Eighth  Amendment  protects  prisoners  from  inhumane  methods  of

18    punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465

19    F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a

20    conditions of confinement claim, and only those deprivations denying the minimal

21    civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth

22    Amendment  violation.    Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and

23    quotations omitted).  In order to state a claim for a violation of the Eighth Amendment,

24    the plaintiff must allege facts sufficient to support a claim that prison officials knew of and

25    disregarded a substantial risk of serious harm to the plaintiff.  Farmer v. Brennan, 511

26    U.S. 825, 847 (1994).

27        A prisoner "may state a cause of action under the Eighth Amendment by alleging

28    that [prison officials] have, with deliberate indifference, exposed him to [environmental

5

1   conditions] that pose an unreasonable risk of serious damage to his future health."

2   Helling v. McKinney, 509 U.S. 25, 35 (1993).

3       The Courts of this district have repeatedly found that confinement in a location

4   where Valley Fever is prevalent, in and of itself, fails to satisfy the first element of an

5   Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm.  See,

6   e.g., Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v.

7   Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that

8   Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he

9   was confined in a location where Valley Fever spores existed which caused him to

10   contract Valley Fever, he is advised that no courts have held that exposure to Valley

11   Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates,

12   2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3

13   (E.D. Cal. Oct. 23, 2009).

14       Thus, Plaintiff cannot state an Eighth Amendment claim based solely upon mere

15   exposure to, or contraction of, Valley Fever.  There are circumstances however where

16   exposure to Valley Fever could conceivably give rise to an Eighth Amendment claim.

17   Smith v. Schwarzenegger, 393 F. App'x. 518 (9th Cir. 2010) (citing Helling, the Court

18   held that it was not inconceivable that the Plaintiff could allege a cognizable claim based

19   on Valley Fever exposure).

20       Courts have deemed the first prong of an Eighth Amendment claim satisfied

21   where the plaintiff has identified a factor responsible for either increasing the risk of

22   contraction or the severity of infection.  See, e.g., Stevens v. Yates, 2012 WL 2520464,

23   *3 (E.D. Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble,

24   2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL

25   893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer);

26   Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various

27   medical conditions, including asthma, and race); see also Plata v. Brown, 2013 WL

28   3200587, *7 n. 10, *14 (N.D. Cal. June 24, 2013) (finding that the following groups are at

1   an increased risk of harm from Valley Fever infection and should therefore be excluded

2   from Pleasant Valley State Prison and Avenal State Prison: inmates designated as

3   medically high-risk; "'[p]atients with impaired cellular immunity, such as those with solid

4   organ transplants, those with HIV infection, and those with chronic obstructive pulmonary

5   disease, chronic renal failure, congestive heart failure, diabetes; patients receiving TNF

6   inhibitors (medications used in the treatment of arthritis); Filipino and African-American

7   men; and pregnant women in the 2nd or 3rd trimester.'").

8   ## V.    CONCLUSION AND ORDER

9        Plaintiff's Complaint does not state a claim for relief under section 1983.  The

10  Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson,

11  809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate

12  that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct.

13  at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is

14  plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff

15  must also demonstrate that each named Defendant personally participated in a

16  deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

17       Plaintiff should note that although he has been given the opportunity to amend, it

18  is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th

19  Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on

20  curing the deficiencies set forth above.

21       Finally, Plaintiff is advised that Local Rule 220 requires that an amended

22  complaint be complete in itself without reference to any prior pleading.  As a general

23  rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

24  F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint

25  no longer serves any function in the case.  Therefore, in an amended complaint, as in an

26  original complaint, each claim and the involvement of each defendant must be

27  sufficiently alleged.  The amended complaint should be clearly and boldly titled "First

28  Amended Complaint," refer to the appropriate case number, and be an original signed

under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a blank civil rights complaint form;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   October 29, 2013                    /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

8